1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

8

9

10

11

12

13

14

15

| | | |
|---|---|---|
| LYNNE CORDIER (Substitute Party for George Cordier, deceased), | ) ) ) | No. CV-06-0026-CI |
| Plaintiff, | ) ) ) ) ) | ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR IMMEDIATE AWARD OF BENEFITS |
| v. | ) ) | |
| JO ANNE B. BARNHART, Commissioner of Social Security, | ) ) ) ) | |
| Defendant. | ) ) ) | |

16    BEFORE THE COURT are cross-Motions for Summary Judgment (Ct.

17  Rec. 10, 14.)   Attorney Kenneth L. Isserlis represents Plaintiff;

18  Assistant  United  Sates  Attorney  Pamela  J.  DeRusha  and  Special

19  Assistant  United  States  Attorney  Richard  M.  Rodriguez  represent

20  Defendant.    The  parties  have  consented  to  proceed  before  a

21  magistrate judge. (Ct. Rec. 2.) After reviewing the administrative

22  record  and  the  briefs  filed  by  the  parties,  the  court  **GRANTS**

23  Plaintiff's Motion and remands to the Commissioner for an immediate

24  award of benefits.

25                          **JURISDICTION**

26    On  May  21,  2002,  George  Cordier,  referred  to  hereafter  as

27  "Plaintiff," applied for disability insurance benefits, alleging an

28  onset date of February 14, 2002, due to rheumatoid arthritis and

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR IMMEDIATE AWARD OF BENEFITS - 1

hepatitis C. (Tr. 19, 62.)  Plaintiff has insured status through September 15, 2003. (Tr. 18.)   Benefits were denied, as was reconsideration.  Plaintiff requested a hearing before an administrative law judge (ALJ).   The hearing was held before ALJ Richard Hines on July 23, 2003. Plaintiff, who was represented by counsel, testified.  The ALJ granted benefits from May 1, 2003, but not before (Tr. 24); the Appeals Council denied review.   Upon Plaintiff's death in April 2005, his widow, Lynne Cordier, was substituted as party.   The instant matter is before this court pursuant to 42 U.S.C. § 405(g).

## STATEMENT OF THE CASE

At the time of the hearing, Plaintiff was 48 years old.  He had an 11th grade education and a GED.  He lived with his spouse and 15-year-old son.  He had one other son by a previous marriage.   (Tr. 529.)  He had worked as a truck driver and transportation supervisor for the same company for about 20 years.   As a transportation supervisor he supervised 100 employees. (Tr. 71, 531.)  Plaintiff was diagnosed with hepatitis C in 2000 and rheumatoid arthritis in 2001.  (Tr. 145, 247.)  On February 14, 2002, his employer laid him off, citing reduction in force.  He was given a lump sum severance package and six months medical premiums.  (Tr. 60.)   He died of acute liver failure due to hepatitis C and liver disease in April 2005.  (Ct. Rec. 17 at 1.)

## ADMINISTRATIVE DECISION

The ALJ found Plaintiff had not engaged in substantial gainful activity from the alleged date of onset.  The ALJ found Plaintiff had severe impairments of rheumatoid arthritis, hepatitis,

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR IMMEDIATE AWARD OF BENEFITS - 2

gastroesophageal reflux difficulties, sudden hearing loss/tinnitus, cardiomyopathy, headache, sleep apnea, a toe ulceration/ osteomyelitis, renal failure/porphria, and depression in association with his hepatitis C diagnosis. (Tr. 24.) He found these impairments did not meet or equal the listings. (Id.) He concluded Plaintiff had the residual functional capacity for a wide range of light work, with postural limitations until May 1, 2003, and until that date was capable of performing his past relevant as a transportation supervisor. In an alternative step five finding, the ALJ determined Plaintiff could perform other light work in the national economy until May 1, 2003. (Tr. 22-24.) The ALJ found after that date, Plaintiff did not have the residual functional capacity to maintain sedentary level work. (Tr. 24.)

**STANDARD OF REVIEW**

In *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001), the court set out the standard of review:

> A district court's order upholding the Commissioner's denial of benefits is reviewed *de novo. Harman v. Apfel*, 211 F.3d 1172, 1174 (9th Cir. 2000). The decision of the Commissioner may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id.* at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner*, 169 F.3d 595, 599 (9th Cir. 1999).
>
> The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, although deference is owed to a reasonable

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR IMMEDIATE AWARD OF BENEFITS - 3

1    construction of the applicable statutes. *McNatt v. Apfel*,

2    201 F.3d 1084, 1087 (9th Cir. 2000).

3                        **SEQUENTIAL PROCESS**

4        Also in *Edlund*, 253 F.3d at 1156-1157, the court set out the

5    requirements necessary to establish disability:

6            Under the Social Security Act, individuals who are
        "under a disability" are eligible to receive benefits.  42
7        U.S.C. § 423(a)(1)(D). A "disability" is defined as "any
        medically determinable physical or mental impairment"
8        which prevents one from engaging "in any substantial
        gainful activity" and is expected to result in death or
9        last "for a continuous period of not less than 12 months."
        42 U.S.C. § 423(d)(1)(A).  Such an impairment must result
10       from "anatomical, physiological, or psychological
        abnormalities which are demonstrable by medically
11       acceptable clinical and laboratory diagnostic techniques."
        42 U.S.C. § 423(d)(3).   The Act also provides that a
12       claimant will be eligible for benefits only if his
        impairments "are of such severity that he is not only
13       unable to do his previous work but cannot, considering his
        age, education and work experience, engage in any other
14       kind of substantial gainful work which exists in the
        national economy. . . ." 42 U.S.C. § 423(d)(2)(A).  Thus,
15       the definition of disability consists of both medical and
        vocational components.
16
            In evaluating whether a claimant suffers from a
17       disability, an ALJ must apply a five-step sequential
        inquiry addressing both components of the definition,
18       until a question is answered affirmatively or negatively
        in such a way that an ultimate determination can be made.
19       20 C.F.R. §§ 404.1520(a)-(f), 416.920(a)-(f).  "The
        claimant bears the burden of proving that [s]he is
20       disabled." *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir.
        1999).  This requires the presentation of "complete and
21       detailed objective medical reports of h[is] condition from
        licensed medical professionals." *Id*. (citing 20 C.F.R. §§
22       404.1512(a)-(b), 404.1513(d)).

23                           **ISSUES**

24       The question is whether the ALJ's decision that Plaintiff was

25   not disabled, and thus not entitled to benefits, before May 1, 2003,

26   is supported by substantial evidence and free of legal error.

27   Plaintiff argues the ALJ: (1) improperly evaluated the medical

28

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR IMMEDIATE AWARD OF BENEFITS - 4

evidence; (2) erroneously determined that Plaintiff's receipt of unemployment benefits precludes his receipt of social security disability benefits; (3) erroneously rejected his testimony; and (4) erred at step four in assessing his RFC and ability to do past relevant work before May 1, 2003. (Ct. Rec. 11 at 22-23.)

**ANALYSIS**

**A.   Medical Evidence**

Plaintiff was diagnosed with hepatitis C in 2000, and rheumatoid arthritis in 2001. The record indicates that he was treated with a variety of medication regimes with varying success and side effects. (Tr. 145.) Although the medical records for May 2001, indicate Plaintiff was responding to treatment for his rheumatoid arthritis and his hepatitis C was stable (Tr. 155), his treating rheumatologist Howard Kenney, M.D., expressed concern in June 2001, that his rheumatoid arthritis medications were not working and there were problems with toxicity with the drug and expressed discouragement with Plaintiff's treatment response. Plaintiff's hepatitis C was limiting the choices for medications. (Tr. 157.) Medication side effects were problematic, requiring frequent adjustments in medication and dosage. (*See e.g.,* Tr. 165.) In addition to the effects of medication, the Plaintiff reported ongoing aches and pains, dizziness, fatigue and hearing loss by January 2002. (Tr. 166, 170, 197, 206.)

James Doyle, M.D., diagnosed Plaintiff with hepatitis C, among other impairments, in May 2000. (Tr. 247.) Plaintiff did not respond to five months of Rebetron therapy and Dr. Doyle discontinued the Rebetron. Plaintiff's condition worsened when the

medications were adjusted.   (Tr. 250.)   In August 2001, Plaintiff began treatment with Dr. Doyle for hepatitis C management. The Prednisone used for rheumatoid arthritis was interfering with the hepatitis C management.   (Tr. 254.)   By October 1, 2001, Plaintiff was taking the following medications for his multiple conditions: Prilosec, Oxycontin, Hydro-chloroquine, Prednisone, Cozaar, Vioxx, Ambien, Arava, Celexa, Tlemal Sinus medication, Fionaise, Remicade, Toprol.   (Tr. 228.)   Dr. Doyle's reports reflect ongoing concern regarding medication interaction and side effects.[1]   In February 2002, Plaintiff's biopsy revealed active inflammation of the liver and a new condition (porphyria cutanea tarda) was diagnosed, requiring a phlebotomy every two weeks, which caused fatigue and interfered with the hepatitis treatment.   (Tr. 252-56, 500.) Medical providers also noted loss of memory and slowing in his thinking process.   (Tr. 200, 256.)   In January 2003, Dr. Doyle stated that Plaintiff's diseases and treatment caused pain, fatigue and poor concentration that precluded him from driving a truck.  He also stated the "amount of responsibility and hours [as a transportation supervisor] exceed what he was able to complete." (Tr. 256.)   In a statement prepared for the July 23, 2003, hearing, Dr. Doyle summarized Plaintiff's diagnoses and treatment history since 1995.  (Tr. 489-502.)   He opined that Plaintiff had not been

---

[1] Prednisone is a steroid drug used to reduce inflamation and symptoms of rheumatoid arthritis.  Prednisone is an immune suppressant which lowers resistance to infections and may mask some signs of infection.  *Physician's Deskbook Reference (PDR), Family Guide to Prescription Drugs,* at www.pdrhealth.com.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR IMMEDIATE AWARD OF BENEFITS - 6

able to perform work since February 2002. He stated Plaintiff's combined chronic medical problems, as well as the medications used to control symptoms, caused "severe manifestations preventing him from performing light work or sedentary work" since February 2002. (Tr. 500-01.) This statement is supported by Dr. Kenney's and Dr. Doyle's treatment records cited above.

**B.    Improperly Rejected Treating Physician Opinions**

In a disability proceeding, the treating physician's opinion is given special weight because of his familiarity with the claimant and his physical condition. *See Fair v. Bowen*, 885 F.2d 597, 604-05 (9th Cir. 1989). If the treating physician's opinions are not contradicted, they can be rejected only with "clear and convincing" reasons. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). If contradicted, the ALJ may reject the opinion if he states specific, legitimate reasons that are supported by substantial evidence. *See Flaten v. Secretary of Health and Human Serv.*, 44 F.3d 1453, 1463 (9th Cir. 1995); *Fair*, 885 F.2d at 605. While a treating physician's uncontradicted medical opinion will not receive "controlling weight" unless it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques," Social Security Ruling 96-2p, it can nonetheless be rejected only for "'clear and convincing' reasons supported by substantial evidence in the record." *Holohan v. Massanari*, 246 F.3d 1195, 1202 (9th Cir. 2001) (quoting *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998)). To meet this burden, the ALJ can set out a detailed and thorough summary of the facts and conflicting clinical evidence, state his interpretation of the evidence, and make findings. *Thomas*

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR IMMEDIATE AWARD OF BENEFITS - 7

v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002).   Furthermore, a treating physician's opinion "on the ultimate issue of disability" must itself be credited if uncontroverted and supported by medically accepted diagnostic techniques unless it is rejected with "clear and convincing" reasons.  *Holohan*, 246 F.3d at 1202-03.

Historically, the courts have recognized conflicting medical evidence, the absence of regular medical treatment during the alleged period of disability, and the lack of medical support for doctors' reports based substantially on a claimant's subjective complaints of pain, as specific, legitimate reasons for disregarding the treating physician's opinion.  *See Flaten*, 44 F.3d at 1463-64; *Fair*, 885 F.2d at 604.

The opinion of a non-examining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician. *Lester*, at 831 (*citing Pitzer v. Sullivan*, 908 F.2d 502, 506 n.4 (9th Cir. 1990).  Cases have upheld rejection of an examining or treating physician based in part on the testimony of a non-examining medical advisor; but those cases have also found reasons to reject the opinions of examining and treating physicians that were independent of the non-examining doctor's opinion.  *Lester*, at 81 F.3d at 831; *Andrews*, 53 F.3d at 1043 (conflict with opinions of five non-examining mental health professionals, testimony of claimant and medical reports); *Roberts v. Shalala*, 66 F.3d 179 (9th Cir 1995) (rejection of examining psychologist's functional assessment which conflicted with his own written report and test results).  Thus, case law requires not only an opinion from the non-

examining physician but also substantial evidence (more than a mere scintilla, but less than a preponderance), independent of that opinion which supports the rejection of contrary conclusions by examining or treating physicians. *Andrews*, 53 F.3d at 1039.

Here, the ALJ did not give "clear and convincing" or "specific and legitimate" reasons for rejecting Dr. Doyle's opinion that Plaintiff had been unable to perform light or sedentary work since February 2002. He did not discuss the opinions of treating physicians Doyle or Kenney in his decision. Rather, he summarized the medical evidence in general terms. (Tr. 19-20.) In finding that Plaintiff was not disabled prior to May 2003, the ALJ relied solely on the opinions of state agency medical consultants, finding "[a]ccording to their assessments, the claimant retained a 'light' level functional capacity, and that mentally, the claimant's depression was related to his hepatitis and that even with moderate limitations, he retained the capacity to perform other lighter level work activities available in significant numbers in the economy." (Tr. 20.) This directly contradicts Dr. Doyle's opinion that Plaintiff was unable to perform light or sedentary work after February 2002, when he was diagnosed with active inflammation of the liver and porphyria cutanea tarda, requiring a phlebotomy every two weeks, which also interfered with the hepatitis C treatment. (Tr. 252-56.) Without rejection of Dr. Doyle's opinions, which are supported by the record, with specific and legitimate reasons, the ALJ's reliance on the non-examining agency physician's opinion is error. Dr. Doyle had been treating Plaintiff since 1995 for a progressive and incurable disease. His opinions are supported by

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR IMMEDIATE AWARD OF BENEFITS - 9

contemporaneous treatment records and laboratory testing, as well as treatment records from treating physician Dr. Kenny.  As such, Dr. Doyle's opinions warrant considerable weight.

The court also notes that the ALJ relied on Dr. Doyle's July 9, 2003, statement in finding Plaintiff was disabled after May 2003. (Tr. 21.)  ("And based on the evidence of record, the undersigned finds that only more recent medical source opinion evidence, dated June and July 2003, has endorsed the claimant's disability. Exhibits 28F; 29F.").[2]  As discussed above, Dr. Doyle's opinion that Plaintiff could not perform light or sedentary work relates to Plaintiff's disabling conditions "as of February 2002."  (Tr. 500-01.)  Thus, the ALJ's finding that Plaintiff's RFC was "less than sedentary" beginning May 1, 2003, as opposed to February 2002, is not supported by the medical evidence of record and, therefore, erroneous.

**C.    Remedy**

There are two remedies where the ALJ fails to provide adequate reasons for rejecting the opinion of treating or examining physicians.  The general rule, found in the *Lester* line of cases, is that "we credit that opinion as a matter of law."  *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004); *Lester,* 81 at 834; *Smolen v. Chater,* 80 F.3d 1273, 1291-92 (9th Cir. 1996); *Pitzer*, 908

---

[2]  Exhibits 28F and 29F are the Supplemental Statement of James E. Bailey, Ph.D, in which Dr. Bailey opined the onset of Plaintiff's mental limitations caused by depression and decrease in mental acuity was related, by history, to the onset of hepatitis C, and Statement of James T. Doyle, M.D. (Tr. 480-502.)

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR IMMEDIATE AWARD OF BENEFITS - 10

1   F.2d at 506; *Hammock v. Bowen*, 879 F.2d 498, 502 (9th Cir. 1989).

2   Under the alternate approach found in *McAllister v. Sullivan*, 888

3   F.2d 599 (9th Cir. 1989), a court may remand to allow the ALJ to

4   provide the requisite specific and legitimate reasons for

5   disregarding the opinion. *See also Salvador v. Sullivan*, 917 F.2d

6   13, 15 (9th Cir. 1990) (*citing McAllister*). The *McAllister* approach

7   appears to be disfavored where the ALJ fails to provide any reasons

8   for discrediting a medical opinion. *See Pitzer*, *supra*; *Winans v.*

9   *Bowen*, 853 F.2d 643 (9th Cir. 1988).

10      Case law requires an immediate award of benefits when:

11          (1) the ALJ has failed to provide legally sufficient
            reasons for rejecting [a medical opinion], (2) there are
12          no outstanding issues that must be resolved before a
            determination of disability can be made, and (3) it is
13          clear from the record that the ALJ would be required to
            find the claimant disabled were such evidence credited.
14

15  *Harman*, 211 F.3d at 1178 (*citing Smolen*, 80 F.3d at 1292). "[W]here

16  the record has been developed fully and further administrative

17  proceedings would serve no useful purpose, the district court should

18  remand for an immediate award of benefits." *Benecke*, 379 F.3d at

19  593.

20      Here, the ALJ did not provide legally sufficient reasons for

21  rejecting Dr. Doyle's opinion that Plaintiff could not perform light

22  or sedentary work <u>after February 2002</u>, due to complications caused

23  by hepatitis C, chronic liver inflammation, rheumatoid arthritis,

24  porphyria cutanea tarda and the side effects of repeated phlebotomy

25  procedures and multiple medications. The record is clear that the

26  ALJ would be required to find claimant disabled if the evidence is

27  credited, since the Medical Vocational-Guidelines direct a finding

28

of 'disabled' for an individual who cannot perform light or sedentary work.  20 C.F.R. Pt. 404, Subpart P, App. 2.  No useful purpose would be served by remand for additional proceedings. Accordingly,

**IT IS ORDERED:**

1.   Plaintiff's Motion for Summary Judgment **(Ct. Rec. 10)** is **GRANTED** and the case is remanded to the Commissioner for an immediate award of benefits;

2.   Defendant's Motion for Summary Judgment **(Ct. Rec. 14)** is **DENIED;**

3.   Any application for attorney fees may be filed by separate motion.

4.   The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Plaintiff and the file shall be **CLOSED.**

DATED October 17, 2006.


_____S/ CYNTHIA IMBROGNO_____
UNITED STATES MAGISTRATE JUDGE

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR IMMEDIATE AWARD OF BENEFITS - 12